## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JEFFREY M. FARWELL, Pro Se, Trust Administrator
Merrill Road Day School, Inc. Revocable Living Trust

     Plaintiff

v.

             Case No:

           3:17cv1384-J-32JBT

CITY OF JACKSONVILLE, FLORIDA,
BRYAN MOSIER, in his official and
individual capacities, ROBERT PRADO,
in his official and individual capacities,
VORIA LANCASTER, in her official and
individual capacities, KIMBERLY SCOTT,
in her official and individual capacities,
GARY ROBERTS, in his official and individual
capacities, JAMES LIBERO, in his official
and individual capacities,

     Defendants.

---

## COMPLAINT

    Plaintiff, Jeffrey M. Farwell, Pro Se, sue the Defendants, the CITY of

JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA

LANCASTER, KIMBERLY SCOTT, GARY ROBERTS and JAMES LIBERO and state

as follows:

### STATEMENT OF JURISDICTION AND VENUE

    1.    This complaint seeks damages pursuant to 42 U.S.C. Section 1983 for

violation of Plaintiff's constitutional and Florida statutory and common law legal rights,

particularly under the provisions and protections of the Fourth and Fourteenth

Amendments to the United States Constitution, and various Florida constitutional protections and applicable state law.

2.      This court has original jurisdiction pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343. This court has supplemental jurisdiction to hear the state claims of Plaintiff Jeffrey M. Farwell under U.S.C.A. Section 1367.

3.      Venue is properly in this Court under 28 U.S.C.A. Section 1391(b) because the unlawful conduct and relevant facts occurred in, or around, the City of Jacksonville, Duval County, Florida, and the Defendants performed their official duties for, and within, the geographical boundaries of Duval County and the City of Jacksonville.

4.      Plaintiff has suffered monetary and other damages in excess of $75,000.

## PARTIES

5.      At all times material to this Complaint, Plaintiff JEFFREY M. FARWELL was, and is, a United States citizen, and a resident of Jacksonville, Florida.

6.      At all times material to this Complaint. Defendant CITY OF JACKSONVILLE was a municipal corporation and/or entity organized and existing under the laws of the State of Florida and United States.

7.      At all times material to this Complaint, BRYAN MOZIER was an employee of the City of Jacksonville, Florida. He is sued in his individual and official capacities.

8.      At all times material to this Complaint, ROBERT PRADO was an employee of the City of Jacksonville, Florida. He is being sued in his individual and official capacities.

2

9.     At all times material to this Complaint, VORIA LANCASTER was an employee of the City of Jacksonville, Florida. She is being sued in her individual and official capacities.

10.    At all times material to this Complaint, KIMBERLY SCOTT was an employee of the City of Jacksonville, Florida. She is being sued in her individual and official capacities.

11.    At all times material to this Complaint, GARY ROBERTS was an employee of the City of Jacksonville, Florida. He is being sued in his individual and official capacities.

12.    At all times material to this Complaint, JAMES LIBERO was an employee of the City of Jacksonville, Florida. He is being sued in his individual and official capacities.

13.    Plaintiff is informed and believes and therefore alleges that at all times material to this Complaint, Defendants, individually and/or collectively were agents, employees, servants, joint ventures, partners, and/or co-conspirators with the other Defendants named in this Complaint and that at all times, each of the Defendants was acting under color of authority and within the course and scope of that relationship with the other defendants.

14.    Each of the Defendants, individually and/or collectively with the other defendants, caused, and is legally responsible for the incidents, unlawful conduct, injuries and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, or omissions that led to the unlawful conduct, by

3

failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to the Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action as further put forth in the claims herein.

15.    In doing the acts and/or omissions alleged, Defendants and each of them, acted under color of authority and/or color of law at all relevant times on behalf of the City of Jacksonville.

16.    Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights were caused by the customs, policies, and/or practices authorized by policy makers of Defendant City of Jacksonville, Jacksonville Municipal Code Compliance Division current and/or former employees Bryan Mosier, Robert Prado, Voria Lancaster, Kimberly Scott, Gary Roberts and James Libero, as well as other supervisory officials of the Jacksonville Municipal Code Compliance Division, who encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies and/or practices were the motivation behind the violations alleged, and include, but are not limited to, exposing Plaintiff and his property to unreasonable searches during the course of code enforcement investigations; failing to maintain adequate lawful policies; failing to adequately train, supervise and control investigators/officers concerning code enforcement; failing to investigate and impose discipline on code enforcement officers who employ improper investigation methods and tactics; failing to adopt investigative procedures that determine historical, lawful non-conforming or other unique uses

permitted on a property before an inspection is conducted and failing to adopt other

remedial measures and policies to ensure the private property rights of this Plaintiff and

other citizen property owners are not violated as set forth in the claims herein. Employees

and/or subordinates as used in this Complaint, refers to all personnel under the direct or

indirect supervision and control of each named defendant.

## FACTS

17.     On or about December 17, 2015 City of Jacksonville Code Enforcement

Officers Gary Roberts and James Libero entered upon Plaintiff's property located at 1508

University Boulevard North, Jacksonville, Florida ( hereinafter "subject property")

without permission from Plaintiff and without a warrant to do so absent Plaintiff's

permission.

18.     Plaintiff had previously provided to Defendants Mosier, Scott, Prado and

Lancaster, on or about March 9, 2012 and again on or about November 14, 2013, written

notification not to enter upon said property without a properly executed warrant and that

permission to enter subject property was denied to Defendants by Plaintiff. Plaintiff was

within his lawful right to deny permission for Defendants to enter upon the subject

property. It was Defendants duty to obtain a warrant prior to entering upon Plaintiff's

subject property. (Exhibits 1 & 2).

19.     Said written notices were provided to the following: Kimberly Scott,

Voria Lancaster, Robert Prado, Bryan Mosier, and City Attorney Jason Teal. (Exhibits 1

& 2).

Kimberly Scott was the JMCCD Director, Acting Director or Supervisor. Voria Lancaster is a JMCCD Supervisor. Robert Prado was the JMCCD Director, Acting Director or Supervisor. Bryan Mosier is the current JMCCD Director, Acting Director or Supervisor and City Attorney Jason Teal, is with the Jacksonville Office of General Counsel. Defendants Kimberly Scott, Robert Prado and Bryan Mosier are, or were, directly responsible for implementing procedures and guidelines defendant inspectors such as Roberts and Libero would follow in performing their official employment duties for the City of Jacksonville, Florida. Defendant Voria Lancaster is the person directly responsible for supervising Defendants Roberts and Libero and ensuring they follow the inspection procedures and guidelines required by their employer.

20.    As used interchangeably in this Complaint, JMCCD is an acronym for the Jacksonville Municipal Code Compliance Division, the Jacksonville Code Compliance Department, the Jacksonville Code Enforcement Department, Jacksonville Code Enforcement and/or simply Code Enforcement. All variations refer to the City of Jacksonville Department that enforces Municipal and Zoning Code matters and is the city agency employing, or previously employing Defendants Kimberly Scott, Robert Prado, Bryan Mosier, Voria Lancaster, Gary Roberts and James Libero.

21.    On November 14, 2013 Jacksonville Office of General Counsel attorney Jason Teal acknowledged said notifications and wrote, ... "

Mr. Farwell:
 Please provide the City with a list of all properties that you have an ownership interest in and which are subject to your below direction. The City cannot verify what business interests or rights you may have when the Tax Collector information does not have the owner listed as "Jeffrey M. Farwell", as is the case with 5708 Merrill Road. Also, in the event there is property now owned or later acquired by a different "Jeffrey M. Farwell", the City will need to know which properties are associated with you. Furthermore, the City is under no obligation to continuously

research the parcel ownership information for all properties in Duval County to know when you acquire or sell your interests in property in Duval County. So, the City will honor your request as it pertains to the enumerated properties you have listed, however, if you would like the restriction applied to any of your other properties, you will need to provide the proper address information.

Sincerely,

Jason Teal ".
(Jason Teal's 11/14/2013 email is attached as Exhibit 3)

22.    In Mr. Teal's written statement above (¶21) he recognizes and accepts the

City's responsibility and duty to obtain a warrant before entering upon the properties

Plaintiff listed in his notifications. Teal's specific acknowledgment is excerpted below:

> " ... *So, the City will honor your request as it pertains to the enumerated properties you have listed, however, if you would like the restriction applied to any of your other properties, you will need to provide the proper address information*..."

23.    On December 16, 2015, the day before Defendant Inspectors Roberts and

Libero entered upon Plaintiff's property, Balel Xzavian, another Jacksonville Code

inspector (not s defendant in this action), attempted to enter upon the same subject

property and was denied access by the tenant, Gerald Thomas, Sr. Although Inspector

Balel Xzavian stated, " I can go anywhere I want", he did not enter upon Plaintiff's

subject property.

24.    After denying Inspector Balel Xzavian permission to enter subject

property, Gerald Thomas, Sr. contacted Plaintiff and Plaintiff arrived at the property

approximately 10 minutes later, immediately informing Inspector Balel Xzavian that the

Jacksonville Municipal Code Compliance Division had been previously notified not to

enter upon 1508 University Blvd. N. without a warrant. Although Inspector Balel

Xzavian claimed he had no knowledge of any such notification, he was then personally

advised by tenant Gerald Thomas, Jr. and Plaintiff Jeffrey M. Farwell of those prior notifications and the requirement to obtain a warrant prior to entering upon any of the enumerated properties, including the subject property. Balel Xzavian was acting in his official capacity as a City of Jacksonville employee, under color of law, conducting an official code inspection. He received the notification referenced above in that capacity.

25.     Plaintiff also advised Inspector Balel Xzavian that the actions Inspector Balel Xzavian stated he had the authority to do, (i.e.: " I can go anywhere I want"), would violate the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

26.     After Plaintiff asserted his Fourth and Fourteenth Amendment rights, Inspector Balel Xzavian took no further enforcement action, did not enter the subject property and eventually left the premises.

27.     Upon information and belief, Defendant Voria Lancaster is the JMCCD supervisor of Inspectors Balel Xzavian, Gary Roberts and James Libero. Furthermore Supervisor Lancaster was aware that Plaintiff had provided her office, and herself, with written notice that access to subject property had been specifically denied to all JMCCD employees abent presentation of a validly issued warrant to enter by a court of competent jurisdiction. Defendant Lancaster, as a JMCCD supervisor, is obligated to notify her subordinates that access to the subject property had been denied. Absent any subordinate notification, Defendant Lancaster deliberately and knowingly allowed her subordinates, Defendants Roberts and Libero, to violate Plaintiff's rights in the same manner Inspector Xzavian attempted to do the previous day, as stated in ¶25 & ¶26.

28.     Before entering upon and conducting an inspection of Plaintiff's subject property, Inspectors Roberts and Libero knew, or should have known, a properly issued and executed warrant to enter was necessary.

29.     Inspector Roberts and Libero acted intentionally, maliciously, deliberately and with knowing disregard of their lawful requirement to first obtain a warrant before entering upon Plaintiff's property. Their actions were a violation of Plaintiff's aforstated Constitutional rights.

30.     Upon information and belief, no corrective or disciplinary action was taken against Defendant Inspector Gary Roberts and/ or Defendant Inspector James Libero for their intentional illegal acts taken under color of office and authority. Such inaction by the superiors of these two defendants demonstrates an acceptance and a condoning of such illegal activity. Defendants Roberts and Libero acted in a normal, routine and accepted, even expected, manner.

31.     Upon information and belief, no corrective action, procedural or policy changes have been instituted by Defendants Bryan Mosier, Robert Prado, Kimberly Scott or Voria Lancaster since receiving written notification from Plaintiff not to enter upon his property without a warrant to ensure plaintiff's private property rights were not violated as set forth in the claims herein.

32.     Upon information and belief, Kimberly Scott was Director, Acting Director, or a supervisor with the Jacksonville Municipal Code Compliance Division (JMCCD) when she received the two previously referenced written "No Trespassing" notifications from Plaintiff. One written notification was received by Defendant Scott on or about March 9, 2012 and a second notice was received on or about November 14,

9

2013. Each notice listed the subject property, as well as other of Plaintiff's properties, that required a warrant before any JMCCD (city) inspector could enter upon same. Copies of the referenced "No Trespassing" notices are attached as Exhibits 1 & 2.

33.     Upon information and belief Robert Prado was Director, Acting Director, or a supervisor with the Jacksonville Municipal Code Compliance Division (JMCCD) when he also received two written "No Trespassing" notifications from Plaintiff. One written notification was received by Defendant Prado on or about March 9, 2012 and a second notice was provided on or about November 14, 2013. Each notice listed the subject property, as well as other of Plaintiff's properties, that required a warrant before any JMCCD (city) inspector could enter upon same. Copies of the referenced "No Trespassing" notices are attached as Exhibits 1 & 2.

34.     Upon information and belief Bryan Mosier was Director, Acting Director, or a supervisor with the Jacksonville Municipal Code Compliance Division (JMCCD) when he also received two written "No Trespassing" notifications from Plaintiff. . One written notification was received by Defendant Mosier on or about March 9, 2012 and a second notice was provided on or about November 14, 2013. Each notice listed the subject property, as well as other of Plaintiff's properties, that required a warrant before any JMCCD (city) inspector could enter upon same. Copies of the referenced "No Trespassing" notices are attached as Exhibits 1 & 2.

35.     Upon information and belief Voria Lancaster was a supervisor with the Jacksonville Municipal Code Compliance Division (JMCCD) when she also received two written "No Trespassing" notifications from Plaintiff. One written notification was received by Defendant Lancaster on or about March 9, 2012 and a second notice was

provided on or about November 14, 2013. Each notice listed the subject property, as well as other of Plaintiff's properties, that required a warrant before any JMCCD (city) inspector could enter upon same. Copies of the referenced "No Trespassing" notices are attached as Exhibits 1 & 2.

36.     Plaintiff alleges that each of the Defendants performed, participated in, aided and/or abetted in some manner the acts averred in this action, directly and proximately caused the damages set forth below, and are liable to the Plaintiff for the damages and other relief sought in this action.

37.     On or about January 19, 2016, Plaintiff served Jason R. Gabriel, General Counsel, City of Jacksonville with the required Notice of Suit regarding the State tort claims, the named defendants (City of Jacksonville and its named employees), and the nature of the penalties and case pursuant to Fla. Stat. 768.28(6)(a) and (c). (Exhibits 4 & 4a)

38.     The 6 month notification period required by Fla. Stat. 768.28(6)(a) was satisfied on or about July 19, 2016.

### STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF – 42 USC § 1983

Fourth and Fourteenth Amendment Violations

Protection Against Unreasonable Searches and the Right to be Secure in His Property

By Plaintiff against

Defendants the CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, KIMBERLY SCOTT, GARY ROBERTS and JAMES LIBERO in their Official and also Individual Capacities with respect to

BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, KIMBERLY SCOTT, GARY ROBERTS and JAMES LIBERO.

39.    The conduct and/or failure to act by the City of Jacksonville and all other Defendants deprived Plaintiff of the right to be secure in his property and free from unreasonable searches under the Fourth and Fourteenth Amendments of the United States Constitution.

40.    The actions of the Defendants violated clearly established and well settled federal constitutional rights of the Plaintiff.

41.    Defendants' misconduct directly and proximately caused Plaintiff to suffer injury, including invasion of privacy, shock, outrage, extreme emotional distress, damage to reputation, financial expense, loss of income and humiliation.

SECOND CLAIM FOR RELIEF – 42 USC § 1983

Fourteenth Amendment Violations

Substantive Due Process Violations

By Plaintiff against

Defendants the CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, KIMBERLY SCOTT, GARY ROBERTS and JAMES LIBERO in their Official and also in their Individual Capacities with respect to BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, KIMBERLY SCOTT, GARY ROBERTS and JAMES LIBERO.

42.    The City of Jacksonville and all other named defendants, continued to and repeatedly did violate Plaintiff's Fourth Amendment rights.

43.     On two occasions, on or about March 9, 2012 and again on or about November 14, 2013 written notification was delivered to City Attorney Jason Teal informing him that JMCCD inspectors were not to enter upon Plaintiff's properties without a properly executed warrant. In addition, said notice stated that permission to enter the listed properties was hereby denied by Plaintiff, as was his lawful right, and could not be granted by any other individual.  City Attorney Teal advises the JMCCD on legal and compliance matters.

44.     The written notices (¶ 43) were provided to Kimberly Scott, Director, Acting Director, or a supervisor with the Jacksonville Municipal Code Compliance Department (JMCCD ); Robert Prado, Director, Acting Director, or a supervisor with JMCCD; Bryan Mosier, Director, Acting Director, or a supervisor with JMCCD; and Voria Lancaster, a supervisor with JMCCD. It is believed Defendants Scott and Prado retired from Defendant City within the last 3 years.

45.     On or about December 16, 2015, Balel Xzavian , a non-defendant Jacksonville Code inspector, attempted to enter upon Plaintiff's property, was denied access and was advised by Plaintiff that Plaintiff was asserting his Fourth amendment rights. Defendants in this action were effectively notified again about the requirement to obtain a warrant before entering upon Plaintiff's subject property as Inspector Xzavian was operating in his official capacity as a JMCCD code inspector conducting an inspection under the color of law.

46.     Where Defendants Roberts and Libero had ample time to reflect on Plaintiff's assertion of his Fourth amendment rights and to take corrective action before entering upon Plaintiff's property, they did not. Defendants Roberts and Libero acted

with indifference to Plaintiff's Constitutional rights as Plaintiff had explained to

Inspector Balel Xzavian the previous day. It appears likely Defendants Roberts and

Libero entered upon Plaintiff's subject property without a warrant partially because

Plaintiff had denied Inspector Xzavian property access the previous day.

47.     Where Defendants Kimberly Scott and Robert Prado also had ample time

to take corrective action after receiving Plaintiff's written assertion of his Fourth

Amendment rights, and thusly prevent a violation of same, they took no effective action

to safeguard Plaintiff's rights. Both these Defendants acted with indifference to Plaintiff's

Constitutional rights, contributing directly to the unlawful actions taken by Defendants

Roberts and Libero, who viewed such trespass as normal, accepted, condoned and

expected by their superiors.

48.     Where Defendants Bryan Mosier and Voria Lancaster had ample time to

take corrective action after receiving Plaintiff's written assertion of his Fourth

amendment rights, and after Plaintiff's asserted these same rights to Code Inspector Balel

Xzavian, neither of these two Defendants took any effective action to safeguard

Plaintiff's rights. Both Defendants acted with indifference to Plaintiff's Constitutional

rights, contributing directly to the unlawful actions taken by Defendants Roberts and

Libero. Again, such invasions of privacy and unlawful searches appear to be a normal

occurrence with JMCCD code inspectors.

49.     All of the Defendants acted with deliberate indifference to Plaintiff's

Constitutional rights.

50.     The Defendants' misconduct alleged above was outrageous and shocking

to the conscience and deprived the Plaintiff of the substantive component of due process

in violation of the Fourteenth Amendment to the United States Constitution (Art. XIV, U.S. Constitution).

51.     Defendants' misconduct directly and proximately caused the Plaintiff to suffer injury, including an invasion of privacy, shock, outrage, extreme emotional distress, damage to reputation, financial expense, loss of income and humiliation.

THIRD CLAIM FOR RELIEF – 42 USC § 1983

Failure to Train, Supervise, and Discipline Employees

By Plaintiff against

Defendants CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER,

ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Official

Capacities and also in their Individual Capacities with respect to BRYAN MOSIER,

ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT.

52.     Upon information and belief, Bryan Mosier, Robert Prado and Kimberly Scott, as Directors, Acting Directors and/or senior personnel within the Jacksonville Municipal Code Compliance Division (herein also referred to as "Code Enforcement" and/or "JMCCD") have job responsibilities that include overseeing Code Enforcement Department personnel and the department's compliance with all applicable laws, rules, regulations and codes, including those that protect the private property rights of individuals.

53.     Upon information and belief, Voria Lancaster, as a supervisor within the Jacksonville Municipal Code Compliance Division has job responsibilities that include supervising Code Inspector Roberts and Libero and overseeing their compliance with all

applicable laws, rules, regulations and codes, including those that protect the private property rights of individuals.

54.     Upon information and belief, the named Defendants failed to train, and/or supervise, and/or discipline, and/or condoned the unconstitutional actions by Gary Roberts and James Libero.

55.     Upon information and belief, the named Defendants ratified the violations in this case, failing to take any corrective action.

56.     By consciously and deliberately overlooking the acts of misconduct by their subordinates, the named Defendants established a custom and practice of condoning and ratifying such misconduct and established a pattern of tolerating constitutional violations among their subordinate officers. The condoning of misconduct was so comprehensive and well-known that subordinates were emboldened to blatantly violate the constitutional rights of persons such as Plaintiff, even to the point of proclaiming, "I can go anywhere I want." as stated by Inspector Xzavian to Plaintiff and Inspector Roberts to the subject property tenant's son Gerald Thomas, Jr.

57.     Defendants City of Jacksonville, Florida, Bryan Mosier, Robert Prado, Voria Lancaster, and Kimberly Scott, through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations by their subordinates Gary Roberts and James Libero were deliberately indifferent to the constitutional violations committed by these subordinate Defendants.

58.     Based on the customs and practice of condoning, tolerating, and ratifying constitutional violations and failure to adequately train and discipline the subordinate officers who committed constitutional violations, defendants City of Jacksonville,

16

Florida, Bryan Mosier, Robert Prado, Voria Lancaster, and Kimberly Scott are liable for constitutional violations committed by Defendants Gary Roberts and James Libero, and for the damages suffered by Plaintiff as set forth in this complaint.

59.     The mentioned acts of the named defendants were willful, wanton, malicious and oppressive, justifying the awarding of exemplary and punitive damages.

## FOURTH CLAIM FOR RELIEF

### Negligence

### By Plaintiff against

Defendants CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Official Capacities and against BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Individual Capacities.

60.     Upon information and belief, Bryan Mosier, Robert Prado and Kimberly Scott, as Directors, Acting Directors and/or senior personnel within the Jacksonville Municipal Code Compliance Division (herein also referred to as "Code Enforcement" and/or "JMCCD") have job responsibilities that include overseeing Code Enforcement Department personnel and the department's compliance with all applicable laws, rules, regulations and codes, including those that protect the private property rights of individuals.

61.     Upon information and belief, Voria Lancaster, as a supervisor within the Jacksonville Municipal Code Compliance Division has job responsibilities that include supervising Code Inspector Roberts and Libero and overseeing their compliance with all

applicable laws, rules, regulations and codes, including those that protect the private property rights of individuals.

62.     Defendants' acts, omissions, and misconduct alleged in this Complaint constituted a breach of their duty to Plaintiff to avoid causing the harm alleged and avoid and prevent violations of Plaintiff's constitutional, statutory, and common law rights.

63.     The breach was a substantial factor in causing the injuries and damages suffered by Plaintiff as alleged.

FIFTH CLAIM FOR RELIEF

Intentional Infliction of Emotional Distress

By Plaintiff against

Defendants CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Official Capacities and against BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Individual Capacities.

64.     Plaintiff incorporates by reference ¶60 and ¶61 as if set forth here in full.

65.     At all times mentioned, individual defendants were acting individually and in their official capacity, under color of law within the course and scope of their employment with the City of Jacksonville, Florida.

66.     Defendants acted intentionally or recklessly and knew or should have known that emotional distress would likely result.

67.     Defendants knew or should have known that their conduct was outrageous, beyond all bounds of decency, utterly intolerable in a civilized community, and violated the Constitutional rights of the Plaintiff.

18

68.     Defendants' acts were done with malicious and oppressive intent.

69.     Defendants' conduct caused emotional distress to Plaintiff.

70.     The emotional distress was severe, including shock, outrage, grief, loss of sleep, humiliation, anger, worry and nausea.

SIXTH CLAIM FOR RELIEF

Negligent Infliction of Emotional Distress

By Plaintiff against

Defendants CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Official Capacities and against BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Individual Capacities.

71.     Plaintiff incorporates by reference ¶60 and ¶61 as if set forth here in full.

72.     At all times mentioned, individual defendants were acting individually and in their official capacity, under the color of law within the course and scope of their employment with the City of Jacksonville, Florida.

73.     Defendants acted negligently, intentionally or recklessly and knew or should have known that emotional distress would likely result.

74.     Defendants knew or should have known that their conduct was unlawful, outrageous, utterly intolerable in a civilized community, and violated the Constitutional rights of the Plaintiff.

75.     Defendants' acts were done with malicious and oppressive intent.

76.     Defendants' conduct caused emotional distress to Plaintiff.

77.    The emotional distress was severe, including shock, outrage, grief, loss of sleep, humiliation, anger, worry and nausea.

SEVENTH CLAIM FOR RELIEF

Governmental Intrusion on the Plaintiff's Right To Privacy

And into the Personal Life of the Plaintiff

Defendants CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Official Capacities and against BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Individual Capacities.

78.    Plaintiff incorporates by reference ¶ 60 and ¶ 61 as if set forth here in full.

79.    At all times mentioned, individual defendants were acting individually and in their official capacity, under color of law within the course and scope of their employment with the City of Jacksonville, Florida.

80.    Defendants acted intentionally or recklessly and knew or should have known that emotional distress would likely result.

81.    Defendants knew or should have known that their conduct violated the Constitutional rights of the Plaintiff.

82.    Defendants knew or should have known their entry onto Plaintiff's property had been denied.

83.    Defendants knew or should have known their entry onto Plaintiff's property without an inspection or search warrant was illegal.

84.    Defendants' acts were done with malicious and oppressive intent.

85.    Defendants' conduct caused emotional distress to Plaintiff.

86.     The emotional distress was severe, including shock, outrage, grief, loss of sleep, humiliation, anger, worry and nausea.

## EIGHTH CLAIM FOR RELIEF

### Invasion of Privacy

Defendants CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Official Capacities and against BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER, and KIMBERLY SCOTT in their Individual Capacities.

87.     Plaintiff incorporates by reference paragraphs ¶ 60, ¶ 61, ¶ 65 and ¶ 66 as if set forth here in full.

88.     Defendants Gary Roberts and James Libero entered upon Plaintiff's property without lawful excuse, disregarded Plaintiff's written notice requiring City of Jacksonville personnel obtain a warrant before entering upon the subject property and proceeded to conduct a municipal code and/or zoning compliance inspection.

89.     Defendants Gary Roberts and James Libero photographed sections of Plaintiff's property not visible from public areas as part of their official actions.

90.     All other defendants permitted and/or condoned and/or encouraged the unlawful physical intrusion onto Plaintiff's property.

91.     A reasonable person would find the intrusion and invasion of the Plaintiff's private property alarming, outrageous and objectionable.

92.     Defendants Gary Roberts and James Libero's entry onto Plaintiff's property was premeditated, intentional and exceeded their lawful authority.

93.    Defendant's intrusion onto Plaintiff's subject property caused Plaintiff distress and uncertainty over how lawfully to use his property for income generation. Plaintiff's tenant was following current zoning and occupational business requirements.

94.    Defendants Roberts and Libero did not cite any unlawful activity occurring on subject property as a result of their unlawful trespass and illegal JMCCD inspection which supports the conclusion there was no probable cause for Defendants Roberts and Libero to conduct any inspection on Plaintiff's property.

95.    Defendants City of Jacksonville, Florida, Bryan Mosier, Kimberly Scott, Robert Prado and Voria Lancaster, by their history of allowing JMCCD inspectors to intrude onto Plaintiff's property (subject property and other properties) without permission and/or disregarding the private property rights of Plaintiff, caused direct financial harm. As a result of Defendant' actions, Plaintiff has suffered loss of rental property income, as well as incurring the costs of researching, preparing and defending his property through this and other actions.

## NINTH CLAIM FOR RELIEF

### Negligent Training and Supervision

By Plaintiff against

Defendants the CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER and KIMBERLY SCOTT in their Official Capacities and against BRYAN MOSIER, ROBERT PRADO, VORIA LANCASTER and KIMBERLY SCOTT in their Individual Capacities.

96.    Plaintiff incorporates by reference ¶ 60, ¶ 61, ¶ 65 and ¶ 66 as if set forth here in full.

97.     Upon information and belief, each of the named defendants failed to train and supervise their subordinates in well-established Constitutional rights and in other law.

98.     City of Jacksonville and its supervisory employees owed duties to Plaintiff to manage their department(s), supervise and train their employees, and prevent their employees from committing the misconduct described in this complaint. Employees and/or subordinates as used in this complaint, refers to all personnel under the supervision and control of the named defendants.

99.     Upon information and belief, Kimberly Scott's subordinates at all relevant times were defendants Bryan Mosier, Robert Prado, Voria Lancaster, Gary Roberts and James Libero.

100.    Upon information and belief, Robert Prado's subordinates at all relevant times were defendants Bryan Mosier, Voria Lancaster, Gary Roberts and James Libero.

101.    Upon information and belief, Bryan Mosier's subordinates at all relevant times were defendants Voria Lancaster, Gary Roberts and James Libero.

102.    Upon information and belief, Voria Lancaster's subordinates at all relevant times were Gary Roberts and James Libero.

103.    As a result of the named Defendants' negligent failure to train and supervise their subordinates, Plaintiff suffered violations to his Constitutional rights, emotional distress, governmental intrusion of his privacy, invasion of privacy, loss of quiet enjoyment and trespass to his land.

TENTH CLAIM FOR RELIEF

Malicious Prosecution and Misuse of Authority

Defendants the CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER and

VORIA LANCASTER  in their Official Capacities and against BRYAN MOSIER and

VORIA LANCASTER in their Individual Capacities.

104.    Plaintiff incorporates by reference ¶ 60, ¶ 61, ¶ 65 and ¶ 66 as if set forth

here in full.

105.    All defendants were involved in the municipal and/or zoning code

investigation and compliance actions taken against Plaintiff.

106.    There was no warrant or other lawful authority present allowing

Defendants to enter upon the subject property in defiance of Plaintiff's written denial of

permission to enter. Even if Defendants had requested a warrant, in all likelihood none

would have been issued since probable cause was not established (as stated in ¶ 94).

107.    Absent the lawful authority to enter the subject property, as stated in ¶106

and ¶ 94, Defendants had no lawful basis to conduct any Code or Zoning inspection

thereon. Defendants investigative action, including but not limited to Official JMCCD

file 2016-55550, represents Malicious Prosecution and Misuse of Authority. (JMCCD file

2016-55550 is presented as Exhibit 5).

ELEVENTH CLAIM FOR RELIEF

Trespass to Land

Defendants the CITY of JACKSONVILLE, FLORIDA, BRYAN MOSIER and

VORIA LANCASTER  in their Official Capacities and against BRYAN MOSIER and

VORIA LANCASTER in their Individual Capacities.

108.    Plaintiff incorporates by reference ¶ 60, ¶ 61, ¶ 65 and ¶ 66 as if set forth

here in full.

108.    Plaintiff incorporates by reference ¶ 60, ¶ 61, ¶ 65 and ¶ 66 as if set forth here in full.

109.    Defendants Gary Roberts and James Libero went onto Plaintiff's property on purpose and deliberately.

110.    All defendants were advised by Plaintiff not to enter upon the subject property without a warrant, personally through the JMCCD employee Balel Xzavian, and in writing as previously referenced in ¶ 43 and ¶ 45. Plaintiff advised Balel Xzavian no city employee could enter upon the subject property without a warrant as set forth in ¶ 23 through ¶ 25 herein.

111.    Defendants Gary Roberts and James Libero did not contact Plaintiff for permission to enter upon the subject property, nor did they obtain a warrant to do so, prior to entering. Their entry was without consent of the Plaintiff and without the lawful authority of a warrant.

112.    Entry upon Plaintiff's property By Defendants Gary Roberts and James Libero was after Plaintiff notified the JMCCD, in writing and in person, not to enter without a warrant. Such entry was deliberate and in deference to Plaintiff's Fourth and Fourteenth Constitutional Amendment protections.

113.    Entry upon Plaintiff's property By Defendants Gary Roberts and James Libero, as set out in ¶ 111 and ¶ 112 above, was with the knowledge of Defendants Bryan Mosier, Robert Prado, Voria Lancaster and Kimberly Scott.

114.    Entry upon Plaintiff's property By Defendants Gary Roberts and James Libero was with the knowledge, consent and by direction of Defendants Bryan Mosier and Voria Lancaster as evidenced by their failure to prevent said entry.

## RELIEF REQUESTED

Plaintiff requests judgment against Defendants, and each of them for the following:

1.       General and special damages in excess of $75,000 personally and individually against each Defendant;

2.       Punitive and exemplary damages against all defendants sued in their individual capacities in an amount of $2.5 million or an amount sufficient to deter and to make an example of each such individual Defendant:

3.       Pre and post judgment interest;

4.       Attorney fees, if incurred and costs of suit;

5.       Such other relief as this court deems just and equitable.

I declare under penalty of perjury that the foregoing statements of fact are true and correct.

_12-12-2017_
Date

Jeffrey M. Farwell, Plaintiff Pro Se
5320 Floral Bluff Ct.
Jacksonville, Fl. 32211
904-208-1277
jefffarwell@comcast.net